UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>TUYET NGUYEN,<br><br>         Defendant. | No.  CR05-270RSL<br><br>ORDER DENYING MOTION TO VACATE SENTENCE AND FOR NEW SENTENCING HEARING |

## I.  INTRODUCTION

This matter comes before the Court on defendant Tuyet Nguyen's "Motion to Vacate Sentence and for New Sentencing Hearing" (Dkt. #287).  Defendant requests that the Court vacate the judgment previously entered and conduct a new sentencing hearing due to the disparity between her sentence and that of co-defendant Phu Nguyen.  After considering defendant's arguments, the Court adheres to its original sentence.

## II.  FACTUAL BACKGROUND

On June 6, 2007, the Court sentenced Tuyet Nguyen to 48 months in prison and Phu Nguyen to 37 months in prison.  On June 29, 2007, the Government agreed to allow Phu Nguyen to withdraw his guilty plea so that he could enter into a revised plea agreement.  As part of this revised plea agreement, Phu Nguyen agreed to plead guilty to Conspiracy to Engage in

Money Laundering and waive his rights to appeal in exchange for a 24 month sentence.

## III.  DISCUSSION

After reviewing the arguments advanced by defense counsel, the relevant statutory factors and the sentencing guidelines, the Court concludes that the sentencing disparity in this instance was justified by each co-defendants' differing circumstances.  Most prominently, Tuyet Nguyen was convicted by a jury of one count of Conspiracy to Transport Stolen Property in Interstate Commerce, two counts of Transporting Stolen Property in Interstate Commerce, three counts of Introducing Misbranded Medical Devices Into Interstate Commerce, and one count of Conspiracy to Engage in Money Laundering.  Phu Nguyen, on the other hand, was not convicted by a jury, but instead pled guilty to a single count of Conspiracy to Engage in Money Laundering.  As would be expected, this disparity resulted in vastly differing sentencing guideline ranges for each co-defendant.  Phu Nguyen was presented with a sentencing range of 37 to 46 months, while Tuyet Nguyen's sentencing guideline was approximately twice as great at 78 to 97 months.  Given this disparity, the Court believes that Tuyet Nguyen's ultimate sentence of 48 months is not unfairly disproportionate to Phu Nguyen's ultimate sentence of 24 months.  The disparity in sentences is also supported by the fact that Phu Nguyen has waived his right to appeal and accepted responsibility for his criminal behavior, while Tuyet Nguyen has not.  Defendant's original sentence stands.

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion (Dkt. #287) is DENIED.

DATED this 1st day of August, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO VACATE
SENTENCE AND FOR NEW
SENTENCING HEARING